IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT YOUNG and ETHEL YOUNG, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause Number. 4:08CV1788 HEA |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Strike Disclosure of Expert Witnesses, [Doc. 42]. Plaintiffs oppose the Motion. Defendant has not filed a reply to the opposition filed by Plaintiffs. For the reasons set forth below, the Motion is denied.

Plaintiff has retained Carl Welcher and Mark Trivundza, as experts in this matter. Mr. Welcher is a certified fire and explosion investigator and owns his own investigation and consulting business. Mr. Trivundza is a licenced electrician and owns his own electrical business.

## Facts and Background

On January 11, 2008 Plaintiffs' house suffered damage from a fire originating in their garage. As a result some of Plaintiffs' personal property was damaged or even destroyed. Plaintiffs had an Allstate insurance policy on their house. Pursuant

to that policy, an Allstate claims specialist arrived at Plaintiffs' home on January 11, 2008 to assess the loss, inspect the scene and conduct an inventory. Plaintiffs' home was boarded up immediately following the loss. Plaintiffs subsequently claim that burglars broke into the home and stole various items from the garage.

On January 21, 2008 Plaintiffs submitted Allstate content inventory forms in support of their claim for approximately $45,450.26. In this initial inventory form, Plaintiffs made a claim for damage or destruction of many items not cataloged during Allstate's initial inspection. Prior to a scheduled examination under oath, Plaintiffs submitted a second set of content inventory forms amending the initial inventory forms. The amended inventory forms did not include many of the items that were on the original form and contained many amended purchase prices for other items.

On March 27, 2008 during his examination under oath, Plaintiff Robert Young admitted that the first inventory form had numerous items that were not damaged or destroyed as a result of the loss. Plaintiff Ethel Young admitted that several items claimed on the inventory form did not belong to Plaintiffs and that several items originally claimed had inflated value. As a result of these events, Allstate denied Plaintiffs' claim, based on Allstate's determination that Plaintiffs had misrepresented their loss. Plaintiffs filed this lawsuit for breach of contract and

vexatious refusal to pay an insurance claim.

## Discussion

### Rule 26 Disclosure Requirements

Initially, Defendant moved to strike Plaintiffs' expert designations because of the failure to satisfy the requirements of Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs have responded to this basis by supplementing their expert reports with the necessary information.

A party planning to present expert witnesses at trial must comply with Rule 26. Rule 26(a)(2)(A) states: "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, 704, or 705 of the Federal Rules of Evidence." Further Federal Rule of Evidence 26(a)(2)(B) requires that this disclosure shall:

> [W]ith respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanies by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

After filing an incomplete initial expert witness disclosures,[1] Plaintiffs have presumably cured any Rule 26 deficiencies by filing a supplemental expert disclosures. Plaintiffs' supplemental disclosures lists Mr. Welcher's hourly rate for depositions and testimony at trial, states Mr. Welcher's expert qualifications to give his opinion, gives prior cases Mr. Welcher has participated in at trial or deposition as an expert witness in the last four years, lists publications authored by Mr. Welcher in the last ten years, and explains that Mr. Welcher's inspection of the damaged property and examination of physical evidence provide the basis for the opinion. Finally the supplemental report identifies the items found in the fire – which is the content of Mr. Welcher's expert opinion.

Plaintiffs' disclosures concerning Mr. Trivundza comply with Rule 26. Plaintiffs' supplemental disclosure lists Mr. Trivundza's hourly rate and qualifications, explains that Mr. Trivundza's opinion is based on his first-hand inspection of the fire-damaged premises, applicable building codes, a review of the summary of Allstate's adjuster, conversations with county code authorities, and his electrical installation experience. Finally, Plaintiffs' report lists the publications authored by Mr. Trivundza within the last ten years as well as the deposition and trials that Mr. Trivundza has acted as an expert witness in during the last four years.

---

[1] The initial witness disclosure form did not fulfill the requirements of Rule 26.

Plaintiffs' disclosures concerning Mr. Welcher and Mr. Trivundza contain all information required by Rule 26. Plaintiffs, therefore, have satisfied Rule 26.

## Federal Rule of Evidence 702

## Standard for Admission of Expert Testimony

Defendant also moves to strike Plaintiff's expert designations because it argues that neither expert qualifies as an expert under Rule 702 of the Federal Rules of Evidence. Rule 702 of the Federal Rules of Evidence provides the basis upon which expert testimony is admissible. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 places appropriate limits on the admissibility of expert testimony by assigning the district court the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993); see also, *Eckelkamp v. Beste*, 315 F.3d 863, 868 (8th Cir. 2002). There must be a valid connection to the pertinent inquiry

as a precondition to admissibility. *Id*, at 591.

In *Daubert*, the Supreme Court emphasized the role of trial judges as gatekeepers to "ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.

> First, the trial court must make a "preliminary assessment of whether the reasoning is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id* at 592-93, 113 S.Ct. 2786. The Court cautioned that the trial court must focus "on [the] principles and methodology, not on the conclusions that they generate." *Id* at 591, 113 S.Ct. 2786. Second, the court must ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact. *Id*, at 592, 113 S.Ct. 2786. Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact. *Id*. at 591, 113 S.Ct. 2786. The Court, in *Kumho Tire Co. v. Carmichael*, 562 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), clarified that the district court's gatekeeper function applies to all expert testimony, not just testimony based in science. *Id*. at 147, 119 S.Ct. 1167.

*Kudabeck v. Kroger*, 338 F.3d 856, 860 (8th Cir. 2003).

## Discussion

The opinions Plaintiffs seek from the designated experts have been limited to very narrow issues. With respect to Mr. Welcher, Plaintiffs advise the Court that he will only render opinions as to whether certain items of personal property were in the garage at the time of the fire through remnants of personal property. Regarding Mr. Trivundza, Plaintiff advises the Court that he will only testify regarding his

opinion as to the safe rewiring of Plaintiffs' house. Both men's opinions will be limited to their specialized knowledge.

Defendants argue that Plaintiffs have not satisfied the requirements of Federal Rule of Evidence 702 necessary to qualify Mr. Welcher and Mr. Trivundza as expert witnesses. Defendants argue that Mr. Welcher's opinion has no treatises, no authorities, and no empirical or scientific method to support his scientific opinion. Defendant further claims that Mr. Welcher's opinion adds nothing in the way or specialized or technical knowledge that would assist the jurors. Defendant argues that Mr. Trivundza has offered no treatises, no authorities, nor empirical or scientific method thus Mr. Trivundza's opinion does not fulfill the requirement of specialized or technical knowledge that would assist jurors.

The factual basis of his testimony is Mr. Welcher's personal observations and investigation into the burnt property found in Plaintiff's garage. Additionally, Mr. Welcher's method of personal investigation is tends to establish that it is reliable since it gave him opportunity to visually examine Plaintiff's personal property. This testimony is may be relevant to determine whether the basis for Defendant's rejection of Plaintiff's claim for alleged discrepancies on their inventory forms was warranted. Finally, Mr. Welcher is qualified as an expert given his fifteen years of

experience and numerous training classes.[2]

Plaintiffs' expert Mark Trivundza satisfies the requirements of Rule 702. Mr. Trivundza's personal inspection of Plaintiff's property, reference to applicable county codes, review of the summary submitted by the adjuster for Allstate Insurance Company provides a factual basis for his expert opinion. Additionally, his inspection and research provides a reliable method of determining whether the property needs to be re-wired. Finally, Mr. Trivundza's testimony is relevant in determining the amount of damages due under the insurance policy since the repairs necessary to the house are encompassed in the damages calculated. Mr. Trivundza is qualified as an expert witness due to his many years of experience as an electrician.

---

[2] Mr. Welcher has completed the following training courses: Arc Mapping Basics, Fire and Explosion Investigations: Utilizing NFPA 1033 and 921, Post Flashover Fires, Understand Fires Through the Candle Experiments, Fire Investigation Seminar Missouri Chapter 1AA1, Determining Responsibility in an Arson Case, Vacant and Abandoned Buildings: Hazards and Solutions, Managing Complex Fire Scene Investigations, Investigating Fatal Fires, Documenting the Event, Physical Evidence at the Fire Scene, Critical Thinking Solves Cases, Introduction to Evidence, An Analysis of the Station Nightclub Fire, Insurance and the Fire Investigation, Investigating Motor Vehicle Fires, Fire Investigator Scene Safety, Fire Inspector Course St. Louis County Police Investigator, Ethics and the Fire Investigator, Magna Tech a Case Study in Daubert Challenge, Scientific Method of Fire and Explosion Investigation, Hazardous Material Technician, Introduction to Fire Dynamics and Molding, S.I.U. Seminar Forest Park Community College, Fire Investigation Seminar Illinois Chaptier IAAI, Fire Investigation Seminar Missouri Chapter IAAI, UIS Investigation School/Investigations, Fire and Arson Investigation, Principles of Electrical Investigation, Fire Scene Evidence Collection & Preservation, Advanced Bomb Scene Investigation, Verb Judo, St. Louis County and Municipal Police Academy, Fire Behavior and Building Construction, Bomb Scene Investigation, Insurance Fraud, Fire Investigation.

## **CONCLUSION**

Plaintiffs' Expert Disclosure and Supplemental Expert Disclosure fulfill the requirements of Rule 26 and Rule 702. Defendant's Motion to Strike Plaintiffs' Expert Disclosure should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Disclosure of Expert Witnesses, [Doc. 42], is denied.

Dated this 19th day of February, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE