IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT YOUNG and ETHEL YOUNG, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause Number. 4:08CV1788 HEA |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment, [Doc. No. 57], and Defendant's Motion for Summary Judgment, [Doc. No. 59]. For the reasons set forth below, Defendant's Motion is granted and Plaintiffs' Motion is denied.

## Facts and Background

Plaintiffs brought this action for breach of an insurance contract and vexatious refusal to pay against their insurer, Defendant Allstate Insurance Company. Defendant removed this matter based on the Court's diversity of citizenship jurisdiction.

On July 29, 2007, Defendant issued Plaintiffs a homeowner's policy, Policy No. 915667728, with a policy period of July 29, 2007 to July 29, 2008. The Policy insured Plaintiffs' home and personal contents against certain risks, including fire.

The Policy contains the following exclusion: "we do not cover any loss or **occurrence** in which any **insured person** has concealed or misrepresented any material fact or circumstance."

January 11, 2008, the Property sustained a fire in the garage, damaging and/or destroying many of the personal contents in the garage. Plaintiffs presented a claim to Defendant for the loss to the damaged/destroyed property which was comprised of an 11 page personal property content inventory of 150 items.[1] Each of the pages of the content inventory was signed and dated by both Plaintiffs.

On January 22, 2008, Allstate Content Specialist Carlita Barnes met with Plaintiffs about their claim. Plaintiffs met with Allstate Claims Supervisor Russell Crowder on January 28, 2008. Mr. Crowder recorded the meeting. On February 6, 2008, Plaintiffs and Mr. Crowder met again. The meeting was again recorded.

On February 12, 2008, Plaintiff Robert Young told Mr. Crowder that he wanted to withdraw his claim for 9 of 66 items that were questioned on the inventory.. He also told Mr. Crowder that if Allstate would not settle his claim after he withdrew the 9 items, he and his wife would seek legal counsel.

Plaintiffs submitted, through their counsel, a revised content inventory just

---

[1] Defendant states that the total claimed on the inventory is $45,450.26, while Plaintiffs claim the total amount is $36, 279.41. The total amount claimed, however, is not relevant to the issues herein

prior to their examinations under oath.

Plaintiffs were examined under oath on March 27, 2008 regarding the claimed items. Both Plaintiffs admitted that the content inventory listed numerous items that were not in fact damaged and/or destroyed as a result of the fire. Plaintiff Robert Young testified that his wife and daughter prepared the original content inventory form after his daughter went into the garage "just a little bit." Plaintiff Ethel Young testified that her daughter listed the items on the content inventory forms entirely by memory. Plaintiff Ethel Young admitted that several items claimed on the inventory form did not belong to Plaintiffs and that several items originally claimed had inflated value. As a result of these events, Allstate denied Plaintiffs' claim, based on Allstate's determination that Plaintiffs had misrepresented their loss. Plaintiffs filed this lawsuit for breach of contract and vexatious refusal to pay an insurance claim.

## Discussion

## Standard of Review

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and the inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler*

*Corp.*, 409 F.3d 918, 921 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.*, 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and show that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must adduce specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256, *Littrell*, 459 F.3d at 921.

The nonmoving party must articulate and substantiate specific facts showing a genuine issue of material fact. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United Life of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed.R.Civ.P. 56(e)); "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986); *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on a factual issue. *Anderson*, 477 U.S. at 248; *Woods*, 409 F.3d at 990. To

survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Wilson v. Int'l Bus. Machs. Corp.,* 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted);" *Putnam v. Unity Health System*, 348 F.3d 732, 733--34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson* 62 F.3d at 241 (8th Cir. 1995); *Smith v. International Paper Co.*, 523 F.3d 845, 848 (8th Cir. 2008). "The mere scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. 242 at 252; *Davidson & Assoc. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523 F.3d at 848.

Defendant argues that it is entitled to summary judgment because Plaintiffs' insurance policy expressly excludes coverage for "any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance," and Plaintiffs have misrepresented the amount of and/or value of their personal property claim. Defendant supports its position with Plaintiffs' original inventory listing the items not lost and/or destroyed; their continued representations

to Ms. Barnes and Mr. Crowder;[2] and Plaintiffs' examination under oath wherein they admit that the original inventory contained items that were not damaged and/or destroyed in the fire.

Plaintiffs oppose the motion and argue that the original inventory was prepared by their daughter from memory, that they did not review the inventory at the time, but when they realized the inaccuracies, they submitted an amended inventory with the correct amounts and items. They argue that their actions were not intended to misrepresent their claim, rather, they were mistaken values and items, and when discovered, they corrected them. Thus, Plaintiffs argue that they cannot be said to have misrepresented their claims. Plaintiffs further argue that the insurance policy is ambiguous.

The type of exclusionary language in the insurance policy has been held to be unambiguous and enforceable. *Childers v. State Farm Fire & Cas. Co.*, 799 S.W.2d 138, 141; *Liberty Mut. Fire Ins. Co. v. Scott*, 486 F.3d 418, 422-23 (8th Cir. 2007); *Santizo v. Allstate Property and Casualty Insurance Company*, Cause Number 4:09cv151 SNLJ, Memorandum, July 9, 2010; *Allstate v. Estes*, 118 F.Supp.2d 968, 972 (E.D.Mo 2000).

---

[2] Plaintiffs challenge the admissibility of Defendant's Exhibits F and G, however, Defendant has subsequently submitted affidavits which establish the admissibility of these exhibits. Accordingly, Plaintiffs' challenges are overruled.

Thus, the issue before the Court is whether Plaintiffs inclusion of the items on the original inventory constitutes a material misrepresentation such that the denial of coverage was not a breach of the policy nor was the refusal to pay vexatious.

Plaintiffs' attempt to avoid the effect of their signatures on each of the eleven pages of the original inventory is unavailing. "Under Missouri law, a person who has an opportunity to read a document but signs it without doing so is held to have knowledge of the document's contents, absent a showing of fraud." *U.S. for Use of Bussen Quarries, Inc. v. Thomas*, 938 F.2d 831, 833 (8th Cir. 1991); *Midwest Printing, Inc. v. AM Intern., Inc.*, 108 F.3d 168, 170 (8th Cir. 1997); *In re Adoption of C.P.G.B.*, 302 S.W3d 745, 751 (Mo.App. S.D. 2010). Plaintiffs have failed to present any authority which allow them to avoid knowledge of the contents of the inventory.

Plaintiffs had the opportunity to change the inventory during the meetings with Ms. Barnes and Mr. Crowder. At no time during these meetings did Plaintiffs attempt to re-review the inventory and advise Defendant's representatives that there were errors on the inventory. It was not until Plaintiffs were to submit to their examinations under oath that they attempted to amend the inventory.

Likewise, the Court agrees with Defendant that the record establishes thatary that Plaintiffs misrepresentations were material. The items of personal property were

the very things for which Plaintiffs were attempting to recover money under their insurance policy. Plaintiffs assertions that certain items were destroyed and/or damaged, as Defendant argues go "to the heart" of Plaintiffs' loss and insurance claim. Any representation as to the items for which Plaintiffs are seeking to be paid under the policy are indeed "material."

Plaintiffs also argue that Defendant did not conduct an adequate investigation. This argument is belied by the record. Several meetings were conducted in response to Plaintiffs' claim for coverage under the policy. Plaintiffs each signed and dated the inventory, but later contended that their daughter had prepared the inventory and that they were not aware of its claims. Plaintiffs urged payment and threatened to retain counsel to attempt to have their claim paid, and upon notification that Defendant sought to conduct an examination under oath, Plaintiffs at that point attempted to change what they were previously claiming.

Plaintiffs' self serving affidavits do not overcome these undisputed facts. Their attempt to create genuine issues of material fact cannot overcome the facts in the record. It is elementary that based on the record, it is clear that no reasonable juror could conclude that Plaintiffs did not materially misrepresent their property claim.

Plaintiffs, in their motion for partial summary judgment, seek a finding that,

even assuming a material misrepresentation as to the personal property, they are entitled to recover for the damage to their home. In support of this position, Plaintiffs cite authority which is over 100 years old. More recently, however, the Court in *Childers* 799 S.W.2d at 141 has found Missouri law to be otherwise. "Under Missouri case law, a misrepresentation as to a portion of the loss may void coverage to the entire claim." *Id.* See also *Brawner v. Allstate Indem. Co.*, 591 F.3d 984 (8th Cir. 2010); *Santizo,* Cause Number 09cv151, *Estes*, 118 F.Supp.2d 968.

## **Conclusion**

Based on the record before the Court, there exist no genuine issues of material fact. Plaintiffs misrepresented material facts in their submission of their claim inventory. Defendant, conducted its investigation and discovered the misrepresentations. From that discovery, Defendant denied Plaintiffs' claim. It was neither a breach of the policy, nor were Defendant's actions vexatious in refusing to pay. Defendant is entitled to judgment as a matter of law; Plaintiffs are not entitled to partial judgment since Plaintiffs' material misrepresentations as to their personal property loss voids the entire claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment, [Doc. No. 57], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 59], is **GRANTED**.

A separate judgment in accordance with the Opinion, Memorandum and Order is entered this same date.

Dated this 18th day of August, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE