UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT YOUNG and ETHEL YOUNG, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:08CV1788 HEA |
| ALLSTATE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court pursuant to Plaintiffs Robert and Ethel Young's ("Plaintiffs") Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [Doc #87]. Plaintiffs bring this motion in response to the Court's Opinion, Memorandum and Order [Doc #85] granting Defendant Allstate Insurance Company's ("Allstate") Motion for Summary Judgment [Doc #59].

As a preliminary matter, Defendants contend that Plaintiffs' Motion to Alter or Amend is premature because Defendant's counterclaim for declaratory judgment remains unresolved. Because the Court finds Plaintiffs' claims without merit and denies their motion accordingly, there is no need to address the issue of prematurity.

## Discussion

District courts have broad discretion when deciding whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *Innovative Home Health Care v. P.T.-O.T. Assoc.of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir.1998). The Court will not reverse absent a clear abuse of discretion. *Id.* Rule 59(e) motions serve the limited purpose of correcting "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1998). Such motions cannot be used to tender new legal theories, introduce new evidence, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.* To prevail on a Rule 59(e) motion, the moving party must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result. *Id. See U.S. Xpress Enterprises. Inc.v. J.B. Hunt Transportation, Inc.,* 320 F.3d 809, 15 (8th Cir.2003).

In their Motion to Alter or Amend Judgment [Doc #87], Plaintiffs contend that the Court erred in applying the wrong standard of proof; the Court erred in applying law that charges them with knowledge of the contents they signed; and the

2

Court erred in making a conclusion of fact. In regard to Plaintiffs' first contention, they assert that the Court erred in applying the preponderance of evidence standard of proof. Plaintiff argues that the clear and convincing standard of proof was appropriate in this case.

This case deals with a misrepresentation by Plaintiffs when they misrepresented material facts to defendant insurance company in their submission of their claim of inventory. Specifically, Plaintiffs presented a claim to Defendant for the loss of damaged/destroyed property which was comprised of an 11 page personal property content inventory of 150 items. After multiple meetings with representatives of Defendant Allstate where Plaintiff re-asserted their loss of destroyed/damaged property, and just prior to Plaintiffs examination under oath, they submitted, through counsel, a revised content inventory which represented significantly less damaged/destroyed property than the initial content inventory.[1] Plaintiffs eventually admitted under oath that the original content inventory listed numerous items that were not in fact damaged and/or destroyed as a result of the fire. Specifically, Plaintiff Ethel Young admitted that several items claimed on the inventory form did not belong to Plaintiffs and that several items originally claimed had inflated value.

---

[1] Defendant states the total claimed on the inventory is $45,450.26, while Plaintiffs claim the total amount is $36,279.41. The total amount claimed, however, is not relevant to the issues herein.

Generally, the elements of a fraudulent misrepresentation claim are as follows: (1) a false, material representation; (2) the speaker's knowledge of its falsity or their ignorance of its truth; (3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the representation; (5) the hearer's reliance on its truth; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury. *Bohac v. Walsh,* 223 S.W.3d 858, 862-863 (Mo.App. E.D., 2007). Especially pertinent to the present case is the second element listed above. Plaintiffs claim that Defendants cannot prove "intent to deceive" because Plaintiff Ethel Young and her daughter prepared the original content inventory form after the daughter went into the garage and listed the items on the inventory forms entirely from memory. Plaintiffs' attempt to shield themselves from wrongdoing by passing responsibility to their daughter fails to persuade the Court. The Court finds that Plaintiffs ignorance of the truth is analogous with their knowledge of its falsity; thus, meeting all the elements of a material misrepresentation.[2]

---

[2] Plaintiff made a false, material representation regarding their amount of loss; they were ignorant of the actual truth by not investigating further and allegedly relying on their daughter's memory; they intended on Defendants to act upon their representation; Defendants were ignorant of Plaintiffs' representation; Defendants relied on its truth; Defendants had the right to rely thereon; and Defendants relied, to their detriment, on the misrepresentation. *See Bohac v. Walsh,* 223 S.W.3d 858, 862-863 (Mo.App. E.D., 2007).

Relying on stale and unadopted Missouri case law, Plaintiff contends that insurers have the burden of proving "intent to deceive" by clear and convincing evidence. Pursuant to relevant, applicable Missouri case law, the burden of proof in a fraudulent misrepresentation action is proof by preponderance of the evidence. *Artilla Cover Resort, Inc. v. Hartley*, 72 S.W.3d 291, 295 (Mo.App. S.D. 2002). More specifically, the 8th Circuit Court of Appeals held that under Missouri law, the standard of proof on an insurer's affirmative defense of misrepresentation is also preponderance of evidence; not clear and convincing. *Brandt Distributing Co., Inc. v. Federal Insurance Co.,* 247 F.3d 822, 824 (8th Cir. 2001). In this case, the Court has determined that based on the preponderance of the evidence discussed above, Plaintiffs intended to misrepresent their losses to Defendant Allstate. As such Plaintiffs argument regarding the proper standard of proof is without merit and fails.

Plaintiffs further contend that the Court misunderstood and misapplied the controlling law in holding that Plaintiffs were conclusively bound by their signatures on the 11 page inventory. Plaintiffs offered two new affidavits which, they purport, introduce newly discovered evidence, and they cite numerous cases–most of which are roughly 75 years old–that they did not introduce prior to the Court's previous judgment. These two affidavits are statements by the

5

individual Plaintiffs which attempt to further explain their misrepresentations in the content inventory. Upon review of the affidavits, the Court finds that neither affidavit introduces newly discovered evidence. In fact, each document restates much of their testimony that was already introduced through depositions and pleadings. As such, the Court will not consider the affidavits as newly discovered evidence and, therefore, not properly before the Court.

Regardless of Plaintiffs' failure to state sufficient grounds for reconsideration under Rule 59(e), Plaintiffs' claim still fails on the merits. "The interpretation of an insurance policy is a question of law." *Kearns v. Interlex Ins. Co.,* 231 S.W.3d 325, 330 (Mo.Ct.App.2007)(citing *Blanks v. Farmers Ins. Co.,* 97 S.W.3d 1, 4 (Mo.Ct.App.2002)). The contractual language shall be afforded its plain and ordinary meaning. *Id.* (citing *Shahan v. Shahan,* 988 S.W.2d 529, 535 (Mo.1999)). The following exclusionary language was found in the insurance policy negotiated between the two parties: "We do not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance." This type of exclusionary language has been held to be unambiguous and enforceable. *Childres v. State Farm Fire & Cas.Co.,* 799 S.W.2d 138, 141 (Mo. App. E.D. 1990), *Santizo v. Allstate Property and Casualty Insurance Company*, Cause Number 4:09cv151 SNLJ, Memorandum, July 9, 2010; *Liberty Mut. Fire*

*Ins. Co. v. Scott*, 486 F.3d 418, 422-423 (8th Cir. 2007). As discussed above, the Court has already found that Plaintiffs misrepresented their initial content inventory; therefore, the exclusionary clause in the insurance policy is valid and enforceable. Plaintiffs fail to provide sufficient support for their claim; therefore, this claim is without merit and fails.

In their final argument in Plaintiffs' Motion to Alter or Amend they contend that the Court erred in finding "intent to deceive" without letting the issue go to a jury. The Court has fully addressed the elements of Plaintiffs' misrepresentation above. As such, this claim is without merit and fails.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [Doc #87] is **DENIED.**

Dated this 10th day of February, 2011.

_____
　　HENRY EDWARD AUTREY
　　UNITED STATES DISTRICT JUDGE